IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**RICHARD KNOWLES**                                                                                 **PLAINTIFF**

**VS.**                                    Case No. 04-CV-1111

**PIEDMONT TELEVISION OF**
**MONROE/EL DORADO**                                                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This lawsuit involves Plaintiff Richard Knowles' allegations of discrimination by Defendant Piedmont Television of Monroe/El Dorado ("Piedmont") in violation of the Age Discrimination in Employment Act (29 U.S.C. § 621 et seq.)("ADEA"). Before the Court is Piedmont's Motion for Summary Judgment. (Doc. 6). Knowles has responded. (Doc. 11). After Knowles filed his response, Piedmont filed an Affidavit of Lydia Guillory in support of its motion for summary judgment. (Doc. 14). Because Piedmont filed this Affidavit after Knowles' response to its motion for summary judgment, the Court, by Order dated January 4, 2006, gave Knowles additional time to file any opposing affidavits or other evidence in opposition to the Affidavit of Lydia Gulliory. (Doc. 15). Knowles has now filed his opposing Affidavit. (Doc. 16). The Court finds this motion ripe for consideration.

**I.**     **Background**

Piedmont hired Knowles on April 16, 2001, as a local sales manager for Piedmont's El Dorado, Arkansas, satellite office. Richard Knowles Dep. at 8-9. Knowles was hired by Lydia Gulliory, Piedmont's general sales manager. Id. at 9. As a local sales manager, Knowles had a staff of three salespeople working under his supervision. Id.

Between October 2002 and January 2003, Knowles' job duties changed from the local sales manager to the general sales manager for Piedmont in its El Dorado, Arkansas, and Monroe, Louisiana, markets. Id. at 11. Sometime in early 2003, it came to Guillory's attention that Knowles and one of his married co-workers were involved in a sexual relationship. The

-1-

summary judgment evidence contains a memorandum from Knowles' file, dated September 3, 2003, from Guillory, where she documents her March 2003 investigation into the relationship. Pl.'s Resp. to Def.'s Mot. Summ. J. Ex. B at 4.

In October 2003, Piedmont held a corporate meeting in North Carolina and made the decision to change Knowles' job duties back to the local sales manager for El Dorado. Knowles Dep. at 12. It is unclear whether after this meeting Knowles retained his job title as general sales manager.

Knowles was terminated on December 30, 2003. Id. at 7. The reasons given for Knowles' termination by Guillory, as outlined by Piedmont's brief in support of summary judgment, were that he failed to train and keep an effective sales force and he violated company policies with respect to sexual involvement with co-workers. A document titled "Payroll Memo," and dated December 30, 2003, does not contain an explanation of the reason for Knowles' termination. Pl.'s Resp. to Def.'s Mot. Summ. J. Ex. B at 7. Knowles was born on December 12, 1947 (Knowles Dep. at 5) making him fifty six years old at the time of his termination.

In his deposition, Knowles was asked what evidence did he have that any employment decision that was made with respect to him, including his termination, was based on his age, and he responded "[w]ho they replaced me with, his experience, his age, his salary." Knowles Dep. at 13-14. Knowles identified his replacement as Chris Tingle, a person who was under 40 years old at the time he was made the local sales manager for the El Dorado market. Richard Knowles Aff. ¶ 4. Piedmont claims that Knowles was not replaced by Tingle, but he was replaced as general sales manager in July 2004 by an individual whose date of birth was October 5, 1949. Lydia Guillory Aff. ¶ 2.

Knowles was also asked in his deposition whether anyone had made comments to him about his age and he responded "Oh, I think, in joking. I don't know about serious. I mean, there is [sic] always jokes around a television station about everything." Knowles Dep. at 14.

Knowles did not identify any specific age-related comments or jokes. Knowles also stated that Guillory never said anything to him about his age. Id. at 17. Knowles alleges that he was told by the Station Manager and Guillory that they were considering firing Ron Shipman, one of his co-workers, because of his age (Pl.'s Statement of Facts ¶ 5); however, this allegation does not find a foundation in the summary judgment evidence. Knowles has produced evidence that shows increased sales figures during his first two years as the Local Sales Manager in El Dorado (Pl.'s Resp. to Def.'s Mot. Summ. J. Ex. B), and Knowles has produced an Affidavit where he avers "Guillory, nor any other person at Piedmont, ever counseled me about going out on sales calls with my staff . . . I never refused to go on a sales call . . . Guillory hired sales people, not me . . . [s]he did not give me the authority but later gave it to my under 40 replacement." (Knowles Aff. ¶ 2). Also, Knowles has produced evidence that his relationship with the employee, for which he was reprimanded, was consensual, and it does not appear that Piedmont had a policy that banned consensual sexual relationships between co-workers. Pl.'s Resp. to Def.'s Mot. Summ. J. Ex. A.

Knowles filed this lawsuit against Piedmont on November 9, 2004, alleging Piedmont discriminated against him because of his age. After filing an answer denying these allegations, and the parties' discovery, Piedmont has moved for summary judgment in its favor.

**II.     Discussion**

The standard of review for a motion for summary judgment is familiar and established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); Krenik v. County of Le Sueur, 47 F.3d 953 (8th Cir. 1995).

The Supreme Court has issued the following guidelines to help determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial . . . whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may

reasonably be resolved in favor of either party.
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). See also Agristor Leasing v. Farrow, 826 F.2d 372 (8th Cir. 1987); Niagra of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund, 800 F.2d 742, 746 (8th Cir. 1986).

The burden of proof is on the moving party to set forth the basis of its motion. Donovan v. Harrah's Maryland Heights Corp., 289 F.3d 527, 529 (8th Cir. 2002), citing Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986). The Court must view all facts and inferences in the light most favorable to the nonmoving party. Id., citing Matsushia Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). The Eight Circuit Court of Appeals, in Scheer Const. Co. v. Greater Huron Development Corp., 700 F.2d 463, 465 (8th Cir. 1983), quoting Burst v. Adolph Coors Co., 650 F.2d 930, 932 (8th Cir. 1981), in a case involving the entry of summary judgment, stated:

> [w]hen a motion for summary judgment is made and supported by affidavits, the party opposing the motion may not rest on the allegations in his pleadings but must resist the motion by setting forth specific facts that raise a genuine issue of fact for trial.

Where the party moving for summary judgment does not bear the burden of proof at trial, the party must demonstrate that there is an absence of evidence to support the non-moving party's case. Buck v. F.D.I.C., 75 F.3d 1285, 1289 (8th Cir. 1996), citing and quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party satisfies this requirement, the burden shifts to the nonmovant who must set forth specific facts showing that there is a genuine issue for trial. Id., citing and quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586. Instead, the nonmoving party bears the burden of setting forth specific facts showing there is a genuine issue for trial. Anderson, 477 U.S. at 248.

Piedmont's motion for summary judgment is short and to the point. Piedmont argues that Knowles' ADEA claim fails because he cannot establish a genuine issue that Piedmont's articulated reason for firing him was pretextual and discrimination was the real reason for his termination. Piedmont challenges the sufficiency of Knowles' evidence to support his ADEA claim.

The ADEA prohibits an employer from discharging "any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Any individual who is at least forty years old is included in the protected class. 29 U.S.C. § 631.

Because Knowles does not have direct/strong evidence of age discrimination, his ADEA claims are analyzed using a variant of the McDonnell Douglas burden-shifting framework. He has the burden of establishing his prima facie case by showing: (1) he was at least 40 years old; (2) he was fired; and (3) he was meeting Piedmont's reasonable expectations at the time of his termination; and (4) he was replaced by someone substantially younger. Haas v. Kelly Services, Inc., 409 F.3d 1030, 1035 (8th Cir. 2005). Assuming Knowles has established his prima facie case, the burden shifts to Piedmont to produce evidence of a legitimate, non-discriminatory reason for the adverse employment action. Id. The burden then shifts back to Knowles to prove that Piedmont's asserted reason is pretextual and discrimination was the real reason for his termination. Id.

The Court assumes for purposes of this opinion that Knowles has produced sufficient evidence to establish his prima facie case. Knowles has produced evidence showing that he was at least 40 years old at the time of his termination, he was replaced by a substantially younger worker and he was meeting Piedmont's reasonable expectations. The burden shifts to Piedmont to articulate a legitimate non-discriminatory reason for its action.

Knowles argues, correctly, that Piedmont had not met its burden of production at the time it moved for summary judgment. When Piedmont moved for summary judgment, it stated that

-5-

Knowles was fired because he was unable to meet the requirements of his job with respect to organizing and keeping an effective sales force and violation of company policies with respect to sexual involvement with co-workers. Def.'s Statement of Facts ¶ 3. However, Piedmont initially did not tie this assertion to any evidence. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 255 (1981)(holding defendant can rebut presumption of discrimination created by prima facie case with admissible evidence of a legitimate, non-discriminatory reason for its action). Perhaps Piedmont recognized this deficiency, because on December 22, 2005 (the day after Knowles filed his response to its motion for summary judgment) it filed an Affidavit signed and dated December 13, 2005, where Guillory stated, "The basis for Mr. Knowles' termination was solely his unsatisfactory performance as General Sales Manager and his inability to contribute to the overall welfare of the company by motivating his sales force." This Affidavit reflects a slight change in Piedmont's asserted reason for terminating Knowles. Gone is the statement that Knowles was fired for violating company policies with respect to sexual involvement with co-workers. The Court will assume for purposes of this Opinion and Order that Piedmont has now met its burden of producing a legitimate, non-discriminatory reason for Knowles' termination.

      The burden then shifts to Knowles to show that Piedmont's asserted reason for his termination was a pretext for age discrimination. Knowles has identified evidence that, viewed in the light most favorable to him, shows that at the time he was terminated he was the de facto local sales manager (although he may have officially held the title of general sales manager). The evidence also suggests that Piedmont terminated Knowles and replaced him with Tingle, who was at least sixteen years younger than Knowles and had less sales experience. Further, Knowles has produced evidence that shows increased sales figures during his first two years as the local sales manager in El Dorado, and Knowles has produced an Affidavit where he avers "Guillory, nor any other person at Piedmont, ever counseled me about going out on sales calls with my staff . . . I never refused to go on a sales call . . . Guillory hired sales people, not me . . . [s]he did not

give me the authority but later gave it to my under 40 replacement." Also, Knowles has produced evidence showing that his relationship with the employee, for which he was reprimanded, was consensual, and it does not appear that Piedmont had a policy that banned consensual sexual relationships between co-workers. Piedmont's justification for firing Knowles was not documented at the time of his termination and has changed somewhat, even during these summary judgment proceedings. Triable issues of material fact remain, so summary judgment is inappropriate.

**III.  Conclusion**

Genuine triable issues remain as to whether Piedmont's asserted reason for terminating Knowles was false and whether Knowles' age was the true motivation for his termination; therefore, Piedmont's motion for summary judgment should be and hereby is **denied**.

**IT IS SO ORDERED** this 10th day of January, 2006.

                                            /s/ Harry F. Barnes
                                              Hon. Harry F. Barnes
                                              U.S. District Judge